UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

IN RE:                                              Case Number 12-26542-RAG

CYNTHIA NEAL,

    Debtor.

---

ONE WEST BANK, FSB,

    Movant,

v.

CYNTHIA NEAL

    Debtor,

JOSEPH J. BELLINGER,

    Trustee

    Respondents.

**CONTESTED MATTER**

---

CYNTHIA NEAL,

    Plaintiff,

vs.

ONE WEST BANK, FSB,
FEDERAL HOME LOAN
MORTGAGE BANK,
MARK H. WITTSTADT,
GERARD WILLIAM WITTSTADT, JR.
DEBORAH A. HOLLOWAY HILL
and MORRIS HARDWICK SCHNEIDER, LLC,

    Defendants.

FILED
2013 SEP -4  AM 8:50
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

## DEBTOR'S REPLY TO ONE WEST BANK, FSB'S OPPOSITION TO MOTION FOR CONTEMPT FOR CONTINUED ATTEMPTS TO COLLECT A DISCHARGED DEBT

Cynthia Neal, Pro Se, files this, her Reply to One West Bank, FSB's Opposition to Debtor's and states as follows:

1. As to paragraph 1 of Defendant One West Bank, FSB's Opposition to Debtor's Motion for Contempt, Debtor admits that she was discharged from personal liability on December 12, 2012. As to Defendants allegation that the court terminated the automatic stay on January 14, 2013, Debtor would state that the automatic stay terminated by operation of law upon Debtor's Discharge and that One West Bank, FSB had no right to execute on any and all liens because One West Bank, FSB is not a real party in interest and has no standing to execute on any lien or liens and that any such lien was avoided by debtor in the bankruptcy.

2. As to paragraph 2, Debtor admits that a foreclosure was docketed in Ann Arundel County but would show that said foreclosure is without legal merit in that any alleged security interest in the property was avoided and the security interest extinguished.

3. Debtor admits as much of paragraph 3 as alleges that One West Bank, FSB filed a Motion on or about August 12, 2013 but would state that One West Bank, FSB lacks standing to file any motions or seek any affirmative relief because it lacks standing, and is not the owner or holder of the subject note or Deed of Trust.

4. No response is required as to paragraph 4.

5. As to Defendant's allegation that the docket of the case does not indicate that the lien had been avoided. Debtor would show that the lien was disputed, and listed as unsecured, and that Defendant never opposed that the debt was unsecured, filed no opposition, filed no proof of claim, never obtained stay relief while the case was active, pending and open, never filed any

adversary complaint challenging the classification of the debt or to have the court determine the dischargeability of the debt. Due to Defendant's failure to act, the debt was discharged and adjudicated by the court to be unsecured by virtue of the Discharge of Debtor and Report of No Distribution filed by the Court.

6. As to paragraph 6, Debtor listed the debt as unsecured because the underlying security interest was not valid, which Defendant admitted by its failure to act as set forth above in paragraph 5.

7. As to paragraph 7, Debtor would state that the Discharge does prevent Defendant One West Bank, FSB from enforcing a lien that no longer exists. Defendants are attempting to collecta discharged debt when they failed to oppose the classification of the debt as unsecured, failed to file any proof of claim, failed to obtain stay relief while the bankruptcy was active and pending, failed to file an adversary complaint or to otherwise have the court determine the dischargeability of the debt and the validity of the claimed security interest. Defendant's alleged claim to a validlien is not valid just because Defendant claims it to be so, when it failed to take any action to establish the validity of the lien once disputed by Debtor.

8. Debtor would further show that Defendant One West Bank, FSB has no standing, is not a real party in interest, is not the owner or holder of the note or the deed of trust, and has no legal authority or ability to foreclose on any alleged lien against Debtor's property, claiming an interest it knows, or should know, it does not have, especially since the underlying documents are false, fabricated documents.

9. Defendant One West Bank, FSB's actions are a willful, purposeful attempt to collect adischarged debt by threatening to foreclose when it failed to take any action whatsoever to

establish a valid claim or to establish the validity of its claimed security interest during the pendency of the bankruptcy proceedings.

WHEREFORE, having Replied to Defendant One West Bank, FSB's Opposition to Debtor'sMotion for Contempt, Debtor respectfully prays that this Honorable Court grant Debtor's motion for Contempt and that the court grant such other and further relief the court deems equitable, appropriate and just.

Dated this 4th day of September, 2013.

Cynthia Neal, Debtor Pro Se
4176 Muddy Creek Road
Harwood, MD 20776
Phone: 410-271-2244

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___4th___ day of September, 2013, a true and correct copy of the foregoing Motion for Contempt has been furnished to the following via First Class Mail, U.S.P.S., pre-paid postage:

**One West Bank, FSB**
888 E. Walnut Street
Pasadena, CA 91101

**Michael T. Cantrell**
Attorney for Movant
312 Marshall Avenue, Suite 800
Laurel, MD 20707

**Mark H. Wittstadt**
**Gerard William Wittstadt, Jr.**
**Deborah A. Holloway Hill**
c/o Morris Hardwick Schneider, LLC
9409 Philadelphia Road
Baltimore, MD 21237

**Morris Hardwick Schneider, LLC**
9409 Philadelphia Road
Baltimore, MD 21237

FILED
2013 SEP -4 AM 8:50
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

_____
Cynthia Neal
4176 Muddy Creek Road
Harwood, MD 20776
Phone: 410-271-2244